FILED
COURT OF APPEALS
DIVISION II

2013 JUN 19 AM 8: 32

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANTHONY R. GORDON, | No. 42302-2-II |
| Appellant, | |
| v. | |
| CITY OF TACOMA and CITY OF TACOMA DEPARTMENT OF PUBLIC WORKS BUILDING AND LAND USE SERVICES DIVISION, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, C.J. — The city of Tacoma (the City) admittedly violated Anthony Gordon's

right to procedural due process when it fined him for building code infractions without allowing

him to appeal the fines. Gordon was awarded damages after a bench trial. In this pro se appeal,

Gordon argues that the trial court erred by (1) failing to award him all damages caused by the

violations, (2) ruling that a default judgment in a prior adjudication precluded his recovery of

fines assessed in violation of his right to due process, and (3) ruling that the due process

violations ended once he had constructive notice of the City's enforcement actions. We disagree

and affirm.

## FACTS

The Tacoma Municipal Code establishes minimum standards for buildings and structures.

TMC 2.01.070. Former TMC 2.01.060 (2001) imposed fines for failure to repair derelict

properties and allowed a building owner to appeal both the designation of a property as derelict

and the first fine imposed; however, former TMC 2.01.060 did not provide for appeals of subsequent fines.[1] *Post v. City of Tacoma*, 167 Wn.2d 300, 304-05, 217 P.3d 1179 (2009).

Anthony Gordon and his wife owned a rental property in Tacoma. In October 2001, Gordon's tenant vacated the property, which was "virtually uninhabitable." Clerk's Papers (CP) at 197. At that time, a back deck had been removed so that a sliding glass door led to a drop-off to the ground below; the tenant had removed the bathroom water fixtures, causing water damage; and Tacoma Public Utilities had suspended water and electricity service for the tenant's nonpayment of bills.

On July 29, 2002, a neighbor reported the conditions to the City. On August 2, a City inspector visited Gordon's property, noted violations of the Tacoma building code, and designated the property derelict. Gordon visited the property on August 7 and saw that the City had boarded it up.

On August 15, the City mailed a letter to Gordon stating that it had designated the property derelict and explaining his right to appeal. However, the City mailed the notice to the wrong address, and Gordon did not receive it. Then, between October 2002 and April 2006, the City fined Gordon a total of 25 times for failure to repair the derelict property. In all, the principal amount of the fines totaled $21,625.

The City mailed the first three notices of fines to the wrong address. Gordon did not receive these fine notices. The fourth fine notice was also sent to the wrong address but was

---

[1] Tacoma's city council amended the ordinance in 2002, but that amendment does not affect this analysis. Tacoma Ordinance 27027 (Dec. 10, 2002). The current version of the ordinance allows an owner to appeal all fines. TMC 2.01.060(F)(5)-(6).

successfully delivered to Gordon; however, he did not open the letter. The City mailed the sixth fine notice, and all the notices that followed, to Gordon at his correct address. But Gordon refused to accept 18 of the 19 fine notices sent to the correct address.

Under former TMC 2.01.060, Gordon was unable to appeal the second fine and all subsequent fines. *See Post*, 167 Wn.2d at 304-05. The City issued the second fine notice on November 18, 2002. Gordon contacted the City only twice: once in April 2003 and once in 2006. He did not contest the fines or the condition of the property. During this period Gordon had performed some work on the property but failed to make it habitable, even though only "minor repairs" were needed. CP at 200.

The City assigned the first eight fines to a collection agency. The collection agency sued Gordon to recover the principal amount of the fines, plus interest and costs, totaling $3,649.35. When Gordon failed to appear at a hearing, the court entered a default judgment for the City on June 30, 2005. Gordon did not appeal the judgment.

Later, on April 12, 2006, Gordon filed his own suit against the City, alleging inter alia a violation of his constitutional right to procedural due process and seeking damages under 42 U.S.C. § 1983. In December 2006, the City moved for summary judgment of dismissal and further argued that collateral estoppel precluded relitigation of Gordon's liability for the eight fines comprising the collection agency's judgment. The trial court agreed that collateral estoppel precluded relitigation of the first eight fines, but it did not dismiss the § 1983 claim.

No. 42302-2-II

In 2009, the Washington Supreme Court decided that former TMC 2.01.060 violated a building owner's right to procedural due process by failing to provide for appeals of the subsequent fines. *Post*, 167 Wn.2d at 304-05, 314-15. In light of *Post*, the City conceded it had violated Gordon's right to procedural due process.

In March 2011, the trial court held a bench trial on the sole issue of damages. The trial court found that Gordon could have completed the necessary repairs in no more than five months. Accordingly, the trial court found that the City's violations caused Gordon to suffer damages for only five months. Thus the trial court awarded Gordon a total of $11,250 in damages for two compensable injuries suffered over a five-month period: (1) lost rental income totaling $3,750 and (2) frustration and inconvenience worth $7,500. The trial court did not allow Gordon to recover the eight fines included in the collection agency's judgment, but it vacated the remaining fines.

Gordon appeals.[2]

## ANALYSIS

Gordon argues that the trial court erroneously awarded damages for the City's due process violations because (1) the award did not compensate him for all damages caused by the violations, (2) Gordon is not precluded from recovering the fines included in the collection agency's judgment, and (3) constructive notice of the fines did not bring the due process violations to an end. We disagree.

---

[2] Anthony Gordon is the sole appellant in this case.

4

We review whether the trial court's findings of fact support its conclusions of law. *In re Marriage of Rockwell*, 141 Wn. App. 235, 242, 170 P.3d 572 (2007). Gordon does not assign error to any of the trial court's findings of fact.[3] Unchallenged findings of fact are verities on appeal. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004).[4] We review conclusions of law de novo. *Robel v. Roundup Corp.*, 148 Wn.2d 35, 42, 59 P.3d 611 (2002).

Section 42 U.S.C. 1983 provides a cause of action for damages and injunctive relief against a municipality whose officers, acting under color of law and pursuant to official policy, deprive a person of rights secured by the United States Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In a successful § 1983 claim, the damage award should compensate the plaintiff "for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).

---

[3] Gordon asserts in his assignments of error that "[t]here was no evidence presented to support the use of constructive notice." Br. of Appellant at 4 (Apr. 2, 2012). But his brief contains no argument in support of this assertion, and therefore it is waived. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Moreover, Gordon's brief does not assign error to any specified findings of fact as required by RAP 10.3(g); therefore the findings of fact are verities on appeal and we limit our review to the trial court's conclusions of law and judgment. *Jensen v. Lake Jane Estates*, 165 Wn. App. 100, 110, 267 P.3d 435 (2011).

[4] Citing RAP 10.3(g), the City contends that Gordon failed to properly assign error to the trial court's conclusions of law. This contention fails because RAP 10.3(g) does not require an appellant to assign error to conclusions of law. *In re Estate of Krappes*, 121 Wn. App. 653, 660 n.11, 91 P.3d 96 (2004). RAP 10.3(g) requires an appellant to refer by number to any jury instructions or findings of fact to which error is assigned.

A.    *Damages Caused by the Constitutional Violation*

Gordon argues that he is entitled to recover damages for injuries occurring over the entire period when the City violated his right to procedural due process.[5] We disagree.

A deprivation of the constitutional right to procedural due process does not presumptively cause damages. *Carey*, 435 U.S. at 263. Instead, the plaintiff may recover damages only if he shows that the violation of his constitutional right was the "moving force" that caused his injury. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

Here, the violations of Gordon's constitutional right to appeal the fines were not the moving force that caused him to suffer injuries during the entire period when the violations occurred. *See Bryan County*, 520 U.S. at 404. Arguing to the contrary, Gordon contends that the violations caused him to suffer, during the entire period of the violations, (1) the loss of rental income and (2) inconvenience and frustration. The trial court's findings of fact foreclose that contention.

First, the violations did not cause Gordon to lose rental income for the entire period of the violations. Gordon's tenant vacated the property in October 2001, nine months before the City declared the property derelict and Gordon saw that the City boarded it up in August 2002. But the due process violations began with the fine notice issued in November 2002. Moreover,

---

[5] The ordinance, former TMC 2.01.060, allowed a person to appeal only the initial designation of the property as derelict and the first fine issued. *Post*, 167 Wn.2d at 304-05. The ordinance violated procedural due process insofar as subsequent fines were not appealable. *Post*, 167 Wn.2d at 314-15.

although only minor repairs were needed, Gordon failed to make the property habitable. Gordon was an experienced real estate manager and had previously worked with the City to remedy derelict homes within four to five months. These findings of fact are sufficient for the trial court to conclude that the due process violations did not cause Gordon to suffer a loss of rental income during the entire period of the violations.

Second, the City's violations of Gordon's right to procedural due process did not cause him to suffer inconvenience and frustration for the entire period of the violations. As a matter of fact, the trial court found that the City's violations caused only five months' worth of inconvenience and frustration.[6] This finding supports the trial court's conclusion that Gordon was not entitled to damages for inconvenience and frustration during the entire period.

Moreover, the City's violations caused no injury that lasted over five months. Gordon acknowledged the condition of the property from the time he saw that the City boarded it up in August 2002, but Gordon failed for years to make the "minor repairs" necessary to make the house habitable. CP at 197. Gordon refused to accept 18 of the 19 fine notices sent by certified mail to his correct address. The trial court found that, if Gordon had instead cooperated with the City to rehabilitate his property, he could have brought it into compliance with the building code within five months. Accordingly, the trial court limited its damage award to compensation for injuries that lasted up to five months. Thus the moving force that caused Gordon to suffer injuries for more than five months was Gordon's failure to cooperate and complete the repairs—

---

[6] Further, the trial court found that Gordon contacted the City on only two occasions during the four-year period when the City issued fines: once in 2003 and once in 2006.

not the City's violations of Gordon's right to procedural due process. *See Bryan County*, 520 U.S. at 404. Gordon's argument fails.

B.     *Preclusive Effect of the Default Judgment*

Gordon next argues that the default judgment that included the City's first eight fines should not have precluded him from challenging or recovering the fines subject to the judgment because the elements of collateral estoppel are not met. We agree that reliance on a collateral estoppel analysis is misplaced, but we hold that res judicata precludes Gordon from recovering as damages the fines subject to the default judgment.

Collateral estoppel and res judicata are distinct but closely related doctrines. *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 507, 745 P.2d 858 (1987). Collateral estoppel precludes the relitigation of an *issue* that was actually litigated and necessarily decided in a prior adjudication. *City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 164 Wn.2d 768, 792, 193 P.3d 1077 (2008). In contrast, res judicata bars the relitigation of *claims* that were or might have been raised in a prior adjudication. *Lenzi v. Redland Ins. Co.*, 140 Wn.2d 267, 280, 996 P.2d 603 (2000). Whether collateral estoppel or res judicata precludes relitigation of issues or claims is a question of law reviewed de novo. *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 306, 96 P.3d 957 (2004); *Lynn v. Dep't of Labor & Indus.*, 130 Wn. App. 829, 837, 125 P.3d 202 (2005).

When an appellant claims that collateral estoppel is the applicable doctrine in a case, it may be appropriate for us to alternatively consider res judicata. *See Lenzi*, 140 Wn.2d at 280. Collateral estoppel applies only when an issue was actually litigated in a prior adjudication. *City*

*of Arlington*, 164 Wn.2d at 792. But collateral estoppel analysis is not appropriate where, as here, the prior adjudication ended in a default judgment without any issues being actually litigated. RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. e (1982). We therefore consider the doctrine of res judicata.

After a prior adjudication has occurred, res judicata bars the relitigation of all claims decided and any other claims that with reasonable diligence should have been raised. *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 329, 941 P.2d 1108 (1997). But res judicata does not bar a claim if (1) it could not have been litigated in the prior adjudication, (2) necessary facts were not in existence at the time of the prior adjudication, or (3) necessary evidence would have been inadmissible in the prior adjudication. *Kelly-Hansen*, 87 Wn. App. at 330-31.

Here, res judicata bars Gordon from claiming recovery of the fines that were subject to the default judgment. The City assigned its claims to eight fines to the collection agency, and the collection agency sued Gordon to recover the amount of the fines. Gordon should have with reasonable diligence claimed that he was not liable for the fines because the City imposed them in violation of his right to due process. Instead, he failed to appear and the court entered a default judgment concluding that he was liable for the first eight fines. Nothing in the record shows that Gordon ever sought relief from the default judgment. He cannot now escape it by bringing a claim he should have raised in the prior adjudication. *See Kelly-Hansen*, 87 Wn. App. at 330-31.

C.    *Constructive Notice*

Lastly, Gordon appears to argue that the trial court erred by ruling that Gordon's receipt of a fine notice sent through the mail established "constructive notice" of the fines and ended the City's due process violations.[7] This argument misapprehends the trial court's ruling.

The trial court ruled that the City's violation of Gordon's right to procedural due process recurred each time the City fined Gordon without providing for his right to appeal the fine. Because the trial court agreed that the City violated Gordon's right to procedural due process, Gordon's argument is inapposite.

In one of its findings of fact, the trial court found that Gordon gained "constructive knowledge of the condition of the property and the actions of the City" when he signed a certified mail receipt acknowledging delivery of a letter containing the City's fourth fine notice, even though Gordon did not open the letter. However, the trial court did not find this fact dispositive of any legal issues, and it did not rely on the concept of constructive notice when ruling on damages. This argument fails.

---

[7] Gordon's assignments of error make three points about constructive notice: (1) the trial court erred by considering constructive notice sua sponte, (2) the trial court erred by relying on the concept of constructive notice, and (3) substantial evidence does not support the trial court's factual findings about constructive notice. However, Gordon fails to support the first and third points with any argument or citation to authority; therefore we do not consider them. *Cowiche Canyon*, 118 Wn.2d at 809; *see* RAP 10.3(a)(6).

No. 42302-2-II

The trial court's damage award properly applied the law to the facts it found. Because Gordon fails to show any error in the trial court's damage award, we affirm.[8]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, C.J.

We concur:

_____
Penoyar, J.

_____
Bjorgen, J.

---

[8] Without cross-appealing or seeking affirmance on alternate grounds, the City assigns error to one of the trial court's findings of fact: that the City's imposition of the fines was the most significant financial issue that Gordon and his wife discussed during marriage counseling. We do not address the City's assignment of error because it has no bearing on the outcome of Gordon's appeal.